BRIAN J. STRETCH (CABN 163973)
United States Attorney

BARBARA J. VALLIERE (DCBN 439353)
Chief, Criminal Division

KIMBERLY HOPKINS (MABN 668608)
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-7200
    FAX: (415) 436-7234
    Kimberly.hopkins@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>RODENY VINCENT ORTIZ, and<br>VINCENT RUDY ORTIZ<br><br>    Defendant. | NO. CR 15-0594 RS<br><br>STIPULATION AND [~~PROPOSED~~] PROTECTIVE ORDER REGARDING PRODUCTION OF ATTORNEYS' EYES ONLY DISCOVERY |

STIPULATION AND [PROPOSED] PROTECTIVE ORDER
NO. CR 15-0594 RS

On November 22, 2016, the defendants pled guilty to Counts Two and Three of the captioned Indictment charging them with Use of a Firearm During and in Relation to a Drug Trafficking Crime, in violation of 18 U.S.C. § 924(c)(1)(A) and 2; and Use of a Firearm During a Drug Trafficking Crime Causing Murder, in violation of 18 U.S.C. § 924(j) and (2).  Sentencing in this matter is currently scheduled for May 2, 2017.

With the agreement of the parties and the defendants' consent, the Court enters the following Order.  In preparation for the sentencing hearing in this matter, the United States may produce un-redacted witness statements and other materials pertaining to the charges in the Indictment to defense counsel, and will designate such materials as "Attorney's Eyes Only," subject to the following restrictions:

1. For purposes of this Order, the term "Defense Team" refers to the following individuals: (1) counsel of record in this case for each defendant ("defense counsel"); (2) defense investigators assisting defense counsel with this case; (3) persons retained by defense counsel to directly assist with this case; and (4) any expert witnesses who may be retained by or appointed for defense counsel.  For purposes of this Order, the term "Defense Team" does not include the defendants.  If defense counsel determines that additional persons are needed to review Protected Materials, they must obtain a further order of the Court or written consent from the government before allowing any other individual to review Protected Materials.

2. Because defense counsel requested certain materials that contain information pertaining to the shooting victims and information pertaining to other civilian witnesses, and given the sensitive nature of such information and concerns for witness safety, the government may produce unredacted copies of these materials to the Defense Team subject to the following limitations:

3. Any materials subject to this Protective Order ("Protected Materials") shall be designated by marking the item "Attorney's Eyes Only – Subject to Protective Order."

4. No one other than a member of the Defense Team may review or access Protected Materials, except as provided below.  The defense Team may not share with non-Defense Team members the information learned during review of the protected materials

5. The defendant shall not be provided with any personal identifiers of the victims or civilian witnesses, including their date of birth or address.

6. The Defense Team shall not permit anyone other than a Defense Team member to have physical possession of Protected Materials.  The defendants may not possess a copy of the Protected Materials, and may only review the Protected Materials in the presence of a member of the Defense Team.  Even then, the defendants shall not be provided with and shall not be given access to, the following information: (a) personal identifiers of the victims and civilian witnesses other than their names (including date of birth and address); and (b) medical records pertaining to the victims.

7. Review of the Protected Materials shall only be performed in a manner that maintains the confidentiality of Protected Materials and does not expose them to unauthorized access (including unauthorized viewing or eavesdropping by unauthorized individuals).  The Defense Team shall not permit Protected Materials to be maintained outside of the Defense Team's office.  If Protected Materials are taken out of the Defense Team's offices, they must remain in the physical possession of a Defense Team member.  Protected materials shall not be left unattended in vehicles or individual homes.

8. The Defense Team may make photographic or electronic copies of Protected Materials for its own use, but shall not divulge or show Protected Materials to anyone other than the defendant and only subject to the limitations set forth above.  Any duplicates must be marked "Attorney's Eyes Only – Subject to Protective Order" and will be treated as originals in accordance with this Order.

9. A copy of this Order shall be maintained with the Protected Materials.

10. Prior to receiving access to Protected Materials, all individuals other than defense counsel shall sign a copy of this Order, in the space below, acknowledging the following:

    a. I have reviewed the Order;

    b. I understand its contents and will abide by its terms;

    c. I agree that I will only access Protected Materials for the purposes of preparing a defense for the defendant;

    d. I agree the information derived from Protected Materials will not be disclosed to anyone outside of the Defense Team;

STIPULATION AND [PROPOSED] PROTECTIVE ORDER
NO. CR-15-0594 RS

    e. I agree that I will not show the defendants any personal identifiers of the victims or civilian witnesses, including their date of birth or address.

    f. I understand that failure to abide by this Order may result in sanctions by this Court.

Signature: _____

Name (Print): _____

Date: _____

Defense counsel shall maintain such signed copies of the Order and make them available for inspection by the Court as requested.

  11. Without written permission from the government or a court order secured after appropriate notice, the defendant may not file in the public record in this action any Protected Materials or facts derived from the Protected Materials, and Protected Materials may not be attached to any pleadings or other court submissions that are publicly filed.  Protected Materials may be filed or lodged under seal, with an order from the Court and pursuant to the procedures set forth in the Criminal and Civil Local Rules for the United States District Court for the Northern District of California.

  12. If the Defense Team or defendants are served with a discovery request, subpoena or an order issued in a separate matter that would compel disclosure of any information or items designated in this action as Protected Materials, or any information or items produced in this action regardless of designation, the Defense Team must notify the government, in writing (by electronic mail, if possible), along with a copy of the discovery request, subpoena or order, as soon as reasonably practicable.  The party receiving the discovery request, subpoena, or order also must immediately inform the party who caused the discovery request, subpoena or order to issue that some or all of the material covered by the request, subpoena or order may be the subject of this Protective Order.

  13. Upon the request of the government, the Defense Team shall return all Protected Materials to the government fourteen calendar days after sentencing of the defendants and the expiration of the time to file a notice of appeal or the conclusion of any direct appeal.  After the conclusion of proceedings in the district court, the government will maintain a copy of all Protected Materials

STIPULATION AND [PROPOSED] PROTECTIVE ORDER
NO. CR-15-0594 RS

3

produced.

14. By stipulating to this Order, the government does not concede that Protected Materials produced subject to this Order or information redacted from such materials should be unsealed or are subject to disclosure pursuant to Federal Rule of Criminal Procedure 16 or any other rules of discovery. Nor do the defendants waive their right to, at a later date, seek to unseal any materials produced subject to this Order or otherwise compel disclosure of redacted information contained in the same.

15. Any counsel that appears in this action for the defendants after the date of this Order shall automatically be bound by its terms.

**SO STIPULATED.**

Dated: February 7, 2017

BRIAN J. STRETCH
United States Attorney

      /s/
KIMBERLY HOPKINS
Assistant United States Attorney

Dated: February 7, 2017

      /s/
ELIZABETH FALK
Counsel for Defendant Rodney Ortiz

Dated: February 7, 2017

      /s/
SARA REIF
Counsel for Defendant Vincent Ortiz

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

Dated: 2/7/17

HON. RICHARD SEEBORG
United States District Judge

STIPULATION AND [PROPOSED] PROTECTIVE ORDER
NO. CR-15-0594 RS

4